File Name: 10a0120n.06

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

Nos. 08-4629/4632/4636 & 09-3082

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Feb 24, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| DANNY BROWN, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| | ) | |
| CHUCK METCALF; LARRY FAITH; | ) | **O P I N I O N** |
| MATT MAYER; JAMAAL ANSARI; | ) | |
| LEE LUCAS; and ROBERT CROSS, | ) | |
| in their individual capacities, | ) | |
| | ) | |
| **Defendants-Appellants.** | ) | |
| | ) | |

BEFORE: NORRIS, COOK, and GRIFFIN, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** Defendants appeal from the denial of their motions for summary judgment based upon qualified immunity. All are officers employed by various law enforcement agencies who participated in a wide-ranging investigation into drug trafficking in Mansfield, Ohio, beginning in 2005. Plaintiff Danny Brown became a target of the investigation and was eventually indicted, prosecuted, and acquitted of federal drug trafficking crimes. In the wake of this allegedly ill-conceived prosecution, plaintiff filed suit pursuant to 42 U.S.C. § 1983 against

1

these individual officers and the governmental entities[1] that employed them. His complaint alleged violations of several of his federal constitutional rights. The defendants all filed motions for summary judgment prior to discovery, which the district court denied because "an issue of fact remains regarding whether qualified immunity applies in the instant case." Order, Nov. 12, 2008, at 11. In the same order, the district court partially granted plaintiff's pending motion to compel discovery and to supplement his response to the motions for summary judgment with an amended Rule (f) affidavit. *Id.*

As the preceding procedural synopsis should make clear, we lack jurisdiction to entertain this consolidated appeal. Of course, it is axiomatic that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). In *Johnson v. Jones*, 515 U.S. 304, 313 (1995), however, the Court made clear that the denial of qualified immunity based upon a disputed issue of material fact is not appealable and plaintiff takes the position that we lack jurisdiction because the district court based its order on a disputed issue of material fact.

The district court's order reached the following conclusion:

[T]he court finds that qualified immunity does not, at this point, preclude Plaintiff's suit. Discovery on the issue of qualified immunity is still necessary to determine whether the case should proceed. Thus, the court will permit discovery limited to the issue of qualified immunity to determine whether Defendants indeed violated the constitutional rights of Plaintiff. The court, therefore, denies Defendants' Motions

---

[1]These entities are not party to this appeal.

2

> for Summary Judgment *because* further discovery is necessary. However, Defendants are permitted to renew their summary judgment motions following this limited discovery.

Order, Nov. 11, 2008, at 11 (emphasis added). In short, while the district court denied summary judgment based upon qualified immunity, it explicitly did so, not on the legal merits of the claim, but on the fact that further discovery was necessary. In essence, then, counsel for defendants seek to appeal that portion of the district court's order granting plaintiff's motion to compel discovery based upon its conclusion that plaintiff had come forward with a sufficiently detailed Rule 56(f) affidavit to place material facts at issue. As explained below, we do not have jurisdiction to entertain such an appeal because it turns on a disputed factual issue, not on an issue of law.

While it might appear that time and resources could have been conserved had the district court simply granted plaintiff's motion to compel discovery and delayed ruling upon defendants' summary judgment motions, that course would have been contrary to the purpose of the qualified immunity defense and run afoul of our established case law. *See Vaughn v. United States Small Bus. Admin.*, 65 F.3d 1322, 1326 (6th Cir. 1995) (explaining that qualified immunity exists to protect governmental officials from the risks of trial, which otherwise could inhibit them from performing their discretionary duties). In *Skousen v. Brighton High Sch.*, 305 F.3d 520, 527 (6th Cir. 2002), we held that it was legal error for the district court to delay ruling on a motion premised upon qualified immunity to allow time for further discovery. Rather, the district court must determine first whether plaintiff's "complaint alleged the violation of a constitutional right at all, and if so, whether that right was clearly established at the time of the alleged violation." *Id.* at 527. In this case, the district court

3

did precisely that:

> This alleged conspiracy [by law enforcement officials] included creating false evidence and forcing Brown to stand trial for a crime that Defendants knew he did not commit. If proven to be true, these allegations demonstrate, at a minimum, violations of Plaintiff's Fourth and Fourteenth Amendment rights under the Constitution.

Order, Nov. 12, 2008, at 7. Once the district court performs this preliminary task, it must to turn "to the question of whether any facts material to [plaintiff's] claims were genuinely at issue, an inquiry that require[s] the court to review the motion and its supporting documents as well as the plaintiff's opposition and its supporting documents." *Skousen* at 527. Again, the district court complied with that directive and, as recounted above, concluded that the averments contained in the complaint, coupled with those included in counsel's Rule 56(f) affidavit, were sufficient to raise an issue of fact respecting the propriety of qualified immunity. Order, Nov. 12, 2008, at 11. Because an issue of material fact, not law, is the basis for the decision of the district court, we are without jurisdiction to entertain an appeal. *Johnson*, 515 U.S. at 313.

We recognize, of course, that the district court's conclusion is by its very nature preliminary when a Rule 56(f) affidavit provides the basis for a factual dispute because it assumes that discovery will produce the evidence that the Rule 56(f) affidavit describes. In this case, the district court acknowledged this distinction and explicitly invited defendants to renew their motions after completion of discovery. At that point, an appeal to this court will lie should the district court deny these renewed motions on an issue of law.

The appeals are **dismissed** for lack of jurisdiction.

4